ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES A. SANDERS, JR.; and<br>NANETTE SANDERS, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION<br>FILE NO. CV402-141 |
| v. | §<br>§ | |
| LULL INTERNATIONAL, INC.;<br>RENTAL SERVICE<br>CORPORATION, INC., | §<br>§<br>§<br>§ | |
| Defendants, | §<br>§ | |
| BUILDERS INSURANCE GROUP, INC., | §<br>§ | |
| Intervenor, | §<br>§ | |
| and | §<br>§ | |
| RENTAL SERVICE<br>CORPORATION, INC., | §<br>§<br>§ | |
| Third-Party Plaintiff, | §<br>§ | |
| v. | §<br>§ | |
| TRH CONSTRUCTION<br>COMPANY, INC., | §<br>§<br>§ | |
| Third Party Defendant. | §<br>§ | |

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER VENUE TO THE BRUNSWICK DIVISION PURSUANT TO 28 U.S.C. §§ 1404(b) & 1406(a) AND L.R. 2.1(c) & 2.3

COME NOW, Plaintiffs James A. Sanders, Jr., and Nanette Sanders, and file this Brief in support of their Motion to Transfer Venue to the Brunswick Division pursuant to 28 U.S.C. §§

1

1404(b) & 1406(a) and Local Rules 2.1(c) & 2.3 of the United States District Court for the Southern District of Georgia, and show this Court the following:

## I. FACTUAL AND PROCEDURAL BACKGROUND

In or around February, 2001, Plaintiff James Sanders was injured while working at a construction site on St. Simons Island, Glynn County, Georgia, within the Brunswick Division of the Southern District of Georgia. Plaintiff James Sanders was injured when a forklift, manufactured by Defendant Lull International, Inc. ("Defendant Lull"), and leased or rented by Third-Party Defendant TRH Construction Company, Inc. ("Third-Party Defendant TRH") from Defendant Rental Service Corporation, Inc. ("Defendant RSC"), tipped over, throwing Plaintiff to the ground. (Plaintiffs' Complaint, para. 2,3, 6-9)

On June 26, 2002, Plaintiffs James Sanders, and his wife, Nanette Sanders, (collectively "Plaintiffs") filed a Complaint for Damages against Defendants in the United States District Court for the Southern District of Georgia. Due to a filing error, Plaintiffs' action was filed in the Savannah Division of the Southern District, rather than in the Brunswick Division, where venue properly lies.

## II. ARGUMENT AND CITATION OF AUTHORITIES

Local Rule 2.1(c) of the United States District Court for the Southern District of Georgia provides that "[i]f a substantial part of the events or omissions complained of occurred in this district and no defendant is a resident of this district, the actions shall be brought in the division containing the county in which a substantial part of the events or omissions occurred." L.R. 2.1(c)

The present action was filed in the Savannah Division of the Southern District due to inadvertence, mistake or other excusable neglect. However, a substantial part of the events or

omissions complained of in this case occurred within the Brunswick Division. Defendants Lull and RSC are further non-residents. Pursuant to L.R. 2.1(c), venue in this action properly lies in the Brunswick Division, rather than the Savannah Division.

Section 1404(b), Chapter 87, Title 28 of the United States Code provides, in pertinent part, that "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature... may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). Local Rule 2.3 of the United States District Court for the Southern District of Georgia states that, "[b]y Order of the Court, any civil action may be transferred for trial to any other place or division within the district." L.R. 2.3. Pursuant to Section 1404(b) and Local Rule 2.3, this Court has the authority to transfer this case to the Brunswick Division. *See Bishop v. C & P Trucking Co., Inc.*, 840 F.Supp. 119 (N.D.Ala. 1993) (holding that a case which could have been brought in either of two divisions within district could be transferred from one division to another).

Transfer to the Brunswick Division is warranted since the Brunswick Division embraces St. Simons Island, where the incident which forms the basis for Plaintiffs' claims occurred. *See United States v. Abbott*, 2002 WL 1334886 *1 (D.Nev. 2002) (F.Supp.2d citation currently unavailable) (ordering case transferred to different division within the same district because action arose there).

Both Plaintiffs and Third-Party Defendant TRH reside within the Brunswick Division. Furthermore, the majority of the witnesses in this action, present and former employees of Third-Party Defendant TRH and of Defendant RSC's Brunswick, Georgia, location, also reside within the Brunswick Division. Accordingly, the increased convenience to the parties and witnesses in this case which will result if this matter is heard in the Brunswick Division weighs strongly in favor of

transferring this case to the Brunswick Division. *See Abbott*, 2002 WL 1334886 at *1 (noting that the majority of the witnesses, parties and their counsel resided in the division to which transfer was sought in granting motion to transfer).

In addition to having the ability to order this case transferred to any division within the Southern District, this Court is further authorized to cure any alleged defect in venue pursuant to 28 U.S.C. § 1406(a). That Section provides that:

> The district court of a district in which is filed a case laying venue in the wrong *division* or district, shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis supplied).[1] The former Fifth Circuit has set forth guidelines as to when transfer under Section 1406(a) is proper:

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred *in order that the plaintiff not be penalized... [for] 'time-consuming and justice-defeating technicalities.*

*Dubin v. United States*, 380 F.2d 813, 815 (5th Cir. 1967) (emphasis supplied).[2]

This was filed in the wrong division and belongs in the Brunswick Division, pursuant to Local Rule 2.1(c). Pursuant to Section 1406(a), this Court has the power to transfer this case to the proper division. Furthermore, following *Dubin*, Plaintiffs should not be penalized and the parties and witnesses should not be unduly inconvenienced as a

---

[1] As originally enacted by Congress, Section 1406(a) "... was mandatory and required transfer without any consideration of the reason why a case was filed in the wrong district." *Dubin v. United States*, 380 F.2d 813, 816 n. 4 (5th Cir. 1967).

[2] Decisions of the former Fifth Circuit Court of Appeals decided prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

result of a technical error Transfer to the Brunswick Division would further be in the interest of justice, for the reasons stated herein

### III. <u>CONCLUSION</u>

For these reasons, Plaintiffs James A Sanders, Jr, and Nanette Sanders respectfully request that their Motion to Transfer Venue to the Brunswick Division pursuant to 28 U S C §§ 1404(b) & 1406(a) and Local Rules 2 1(c) & 2 3 be granted

Respectfully submitted, this 30th day of January, 2003

Lloyd N Bell
Georgia Bar No 048800
Attorney for Plaintiffs

**BELL LAW FIRM, P.C.**
One Securities Centre, Suite 1050
3490 Piedmont Road, N E
Atlanta, Georgia 30305
Tel (404) 842-1863
Fax (404) 842-9750

Thomas A. Withers
Georgia Bar No 772250
Attorney for Plaintiffs

**GILLEN CROMWELL PARKER & WITHERS, L.L.C.**
8 East Liberty Street
Savannah, Georgia 31412
Tel (912) 447-8400
Fax (912) 233-6584

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES A SANDERS, JR , and NANETTE SANDERS, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION FILE NO CV402-141 |
| v | § § | |
| LULL INTERNATIONAL, INC , RENTAL SERVICE CORPORATION, INC , | § § § § | |
| Defendants, | § § | |
| BUILDERS INSURANCE GROUP, INC , | § § | |
| Intervenor, | § § | |
| and | § § | |
| RENTAL SERVICE CORPORATION, INC , | § § § | |
| Third-Party Plaintiff, | § § | |
| v | § § | |
| TRH CONSTRUCTION COMPANY, INC , | § § § § | |
| Third Party Defendant | § § | |

## **ORDER**

A Motion to Transfer Venue to the Brunswick Division having been made in the above-styled action, and after considering said Motion, the Motion to Transfer Venue to the Brunswick Divison is hereby **GRANTED**

1

2

**DONE AND ORDERED** this _____ day of January 2002

_____
The Honorable B Avant Edenfield
Judge, United States District Court
Southern District of Georgia

**Order Prepared By:**

Lloyd N Bell
**BELL LAW FIRM, P.C.**
One Securities Centre, Suite 1050
3490 Piedmont Road, N E
Atlanta, Georgia 30305
Tel (404) 842-1863
Fax (404) 842-9750

## CERTIFICATE OF SERVICE

The undersigned certifies that the within <u>Plaintiffs' Brief in Support of Motion to Transfer Venue to Brunswick Division</u> has this date been served upon counsel of record by hand delivery, properly addressed, in an envelope bearing sufficient postage thereon, as follows:

> Rob Kelly, Esquire
> Glenn Darbyshire, Esquire
> Inglesby, Falligant, Horne, Courington & Chisholm
> Post Office Box 1368
> Savannah, Georgia 31402-1368

ATTORNEYS FOR DEFENDANT RENTAL SERVICE CORPORATION, INC.

> William G. Cromwell, Esquire
> Gillen, Cromwell, Parker & Withers
> 3490 Piedmont Road, N.E., Suite 1050
> Atlanta, Georgia 30305
>
> Lloyd N. Bell, Esquire
> One Securities Centre
> 3490 Piedmont Road, N.E., Suite 1050
> Atlanta, Georgia 30305

ATTORNEYS FOR PLAINTIFFS

> Richard B. North, Jr., Esq.
> First Union Plaza, Suite 1400
> 999 Peachtree St., N.E.
> Atlanta, Georgia 30309-3964

ATTORNEY FOR LULL INTERNATIONAL, INC.

Jordan Morrow, Esquire
Brannen, Searcy & Smith, LLP
22 East 34th Street
Savannah, Georgia 31401

ATTORNEY FOR TRH CONSTRUCTION CO., INC.

This __30th__ day of January, 2003.

        GILLEN, CROMWELL, PARKER & WITHERS, LLC

        */s/ Thomas A. Withers*

        Thomas A. Withers
        Georgia Bar No: 772250
        Attorney for James & Nanette Sanders

P.O. Box 10164
Savannah, GA 31412
(912) 447-8400